OPINION OF THE COURT
Richard L. Price, J.
This motion to renew stems from a prior CPLR article 78 application made by petitioner on December 8,1983, seeking a judgment vacating a parole violation warrant on the ground that respondent had failed to afford petitioner a timely revocation hearing pursuant to section 259-i of the Executive Law.
Pursuant to the out-of-State parolee supervision compact, section 259-m of the Executive Law, petitioner had been paroled to the State of Alabama.
This court held that respondent had not met the modest burden to show that it had failed to hold such a hearing because the parolee was beyond its convenience and control. This court thus ordered that respondent should make further efforts to conduct the hearing in Alabama, subject to the approval of the Federal prison authorities. Petitioner was further granted leave to renew the motion, if the revocation hearing was not held within 60 days of the date of that decision (Jan. 10, 1984).
*495 The 60 days having passed, and said hearing having failed to occur, petitioner now moves to renew and to vacate the parole warrant presently lodged against him. Respondents oppose by showing that pursuant to the January 10, 1984 order, they did request of the Alabama authorities that a hearing be held in that State but that the request was refused. In his letter to respondents, the Alabama Compact Administrator refused the request on the ground that Alabama has no authority to hold a final revocation hearing on behalf of another State. Respondent cites Gonzales v Dalsheim (52 NY2d 9) as authority for the proposition that this refusal by the Alabama authorities puts petitioner beyond respondents’ convenience and control.
Indeed, as noted in Gonzales, subdivision 3 of section 259-0 of the Executive Law (interstate hearings for parole violations) provides that such a hearing may be conducted by “any person duly authorized in such other state”. Thus, the refusal of the Alabama authorities to conduct a hearing creates a “significant practical difficulty” (Gonzales v Dalsheim, supra, p 15).
As is further noted in Gonzales (supra), the hearing could nonetheless have been held pursuant to section 259-m (subd 1, par [3]) of the Executive Law which provides for extradition. It seems, however, that if petitioner here wishes to vindicate his own right to a hearing, he should at least be required to expend some voluntary effort in order to do so. He should not be allowed to stand fast in Alabama, daring respondent to assume the burden of forcibly extraditing him to New York. Were this allowed, respondent could run and hide from the law and then claim that he was denied due process because the State did not force him to stand up for his own rights.
Respondents have met their burden, the petition is denied, and the parole violation warrant may stand.